UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 0:25cv60491

**DAVID LANG**,

    Plaintiff,

v.

**EXPERIAN INFORMATION SOLUTIONS INC**,
and **TRANS UNION LLC**,

    Defendants.
_____/

## COMPLAINT

Plaintiff David Lang ("Plaintiff") sues Defendant Experian Information Solutions Inc, and Defendant Trans Union LLC, (collectively, the "Defendants") for violations of the Fair Credit Reporting Act ("FCRA").

## JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

2. Venue in this District is proper because Plaintiff resides here, Defendants transact business here, and the complained conduct of Defendants occurred here.

## PARTIES

3. Plaintiff is a natural person, and a citizen of the State of Florida, residing in Broward County, Florida.

4. Defendant Experian Information Solutions Inc ("Experian") is an Ohio corporation with its principal place of business located in Costa Mesa, California.

5. Defendant Trans Union LLC ("TransUnion") is a Delaware limited liability company with its principal place of business located in Chicago, Illinois.

## **DEMAND FOR JURY TRIAL**

6. Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## **ALLEGATIONS**

7. On or about January-2024, Plaintiff obtained a copy of his Experian and TransUnion credit report and identified several errors and accounts which were inaccurate, incomplete, or otherwise wrongly being attributed to Plaintiff, namely, Capital One accounts, Affirm accounts, and a Lendbuzz Funding LLC account (collectively, the "Subject Accounts").

8. The Subject Accounts, as reported on Plaintiff's credit reports, are erroneous, incomplete, inaccurate, and, as such, require correction. In particular, among other issues, the Subject Accounts are erroneous because they are inaccurate, incomplete, misleading, and are otherwise wrongfully attributed to Plaintiff. As such, to achieve the necessary correction, Plaintiff disputed the Subject Accounts with Experian and TransUnion accordingly.

9. As set forth below, Plaintiff sent written disputes to Experian and TransUnion regarding the Subject Accounts. Experian and TransUnion, however, failed to conduct a reasonable investigation into Plaintiff's disputes.

## **EXPERIAN**

10. Experian is engaged in the business of credit reporting and is commonly referred to as a "Credit Bureau."

11. Experian regularly obtains and analyzes financial information about consumers and compiles the information into "credit reports," which it provides to third parties.

12. Experian is a "consumer reporting agency" as defined by § 1681a(f) of the FCRA and compiles the information into "credit reports," which it provides to third parties.

13. On July 3, 2024, Plaintiff sent Experian a written dispute ("First Experian Dispute") regarding the Subject Accounts, whereby Plaintiff stated, in relevant part, that "The Capital One account opened on 06-27-18 is inaccurate and incomplete. I never opened this account. This account is the product of ID theft and fraud. Please remove this. The Affirm Inc, SKKBCKXX account opened on 04-08-21 is inaccurate and incomplete. I never opened this account. This account is the product of ID theft and fraud. Please remove this. The Affirm Inc, E26VW4XXX account opened on 12-19-19 is inaccurate and incomplete. I never opened this account. This account is the product of ID theft and fraud. Please remove this. The Affirm Inc, DWNLULXX, opened on 05-28-19 is inaccurate and incomplete. I never opened this account. This account is the product of ID theft and fraud. Please remove this. The Affirm Inc, BQFHU5XX account opened on 04-15-19 is inaccurate and incomplete. I never opened this account. This account is the product of ID theft and fraud. Please remove this. The Capital One account opened on 06-27-2018 is inaccurate and incomplete. I never opened this account. This account is the product of ID theft and fraud. Please remove this. Lendbuzz Funding, LLC account opened on 02-0-19 is inaccurate and incomplete. I never opened this account. This account is the product of ID theft and fraud. Please remove this."

14. Despite receiving Plaintiff's First Experian Dispute, Experian failed to conduct any investigation into the accuracy of Plaintiff's credit report.

15. Despite receiving Plaintiff's First Experian Dispute, Experian continues to report the Subject Accounts inaccurately.

16. Despite receiving Plaintiff's First Experian Dispute, Experian failed to notify Plaintiff that Experian deemed Plaintiff's dispute as irrelevant and/or frivolous.

17. On January 8, 2025, Plaintiff sent Experian a written dispute ("Second Experian Dispute") regarding the Subject Accounts, whereby Plaintiff stated, in relevant part, that "The Capital One account opened on 06-27-18 is inaccurate and incomplete. I never opened this account. This account is the product of ID theft and fraud. Please remove this. The Affirm Inc, SKKBCKXX account opened on 04-08-21 is inaccurate and incomplete. I never opened this account. This account is the product of ID theft and fraud. Please remove this. The Affirm Inc, E26VW4XXX account opened on 12-19-19 is inaccurate and incomplete. I never opened this account. This account is the product of ID theft and fraud. Please remove this. The Affirm Inc, DWNLULXX, opened on 05-28-19 is inaccurate and incomplete. I never opened this account. This account is the product of ID theft and fraud. Please remove this. The Affirm Inc, BQFHU5XX account opened on 04-15-19 is inaccurate and incomplete. I never opened this account. This account is the product of ID theft and fraud. Please remove this. The Capital One account opened on 06-27-2018 is inaccurate and incomplete. I never opened this account. This account is the product of ID theft and fraud. Please remove this. Lendbuzz Funding, LLC account opened on 02-0-19 is inaccurate and incomplete. I never opened this account. This account is the product of ID theft and fraud. Please remove this."

18. Despite receiving Plaintiff's Second Experian Dispute, Experian failed to conduct any investigation into the accuracy of Plaintiff's credit report.

19. Despite receiving Plaintiff's Second Experian Dispute, Experian continues to report the Subject Accounts inaccurately.

20. Despite receiving Plaintiff's Second Experian Dispute, Experian failed to notify Plaintiff that Experian deemed Plaintiff's dispute as irrelevant and/or frivolous.

21. Continuing to report Plaintiff's accounts inaccurately is significant. By continuing to report Plaintiff's account inaccurately and/other erroneously, lenders believe Plaintiff has had a recent, major delinquency negatively reflecting on the consumer's credit worthiness by impacting their credit score negatively.

22. Credit scoring algorithms take Plaintiff's account status into consideration when generating a credit score and showing this incorrect account status would cause a lower credit score to be generated.

23. Experian failed to conduct a reasonable investigation into any of Plaintiff's written disputes.

24. Experian failed to review and consider all relevant information submitted by Plaintiff in each of Plaintiff's disputes.

25. Experian failed to conduct an independent investigation and, instead, deferred to underlying furnisher despite the information Plaintiff provided to it (Experian).

26. Experian possessed evidence that the information was inaccurate as described by Plaintiff in Plaintiff's disputes; however, Experian failed to correct the information.

27. Experian's reporting of inaccurate information in connection with the Subject Accounts, despite evidence that said information is inaccurate, evidence Experian's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and file.

28. Experian did not conduct any independent investigation after it (Experian) received Plaintiff's dispute and, instead, chose to parrot the information it (Experian) received from the underlying furnisher despite being in possession of evidence that the information was inaccurate.

29. Without any explanation or reason, Experian continues to report this false, inaccurate, or otherwise incomplete information, about Plaintiff.

30. Plaintiff has suffered damages as a result of the incorrect reporting and Experian's failure to correct the credit report pertaining to Plaintiff.

## TRANSUNION

31. TransUnion is engaged in the business of credit reporting and is commonly referred to as a "Credit Bureau."

32. TransUnion regularly obtains and analyzes financial information about consumers and compiles the information into "credit reports," which it provides to third parties.

33. TransUnion is a "consumer reporting agency" as defined by § 1681a(f) of the FCRA and compiles the information into "credit reports," which it provides to third parties.

34. On July 3, 2024, Plaintiff sent TransUnion a written dispute (the "TransUnion Dispute") regarding the Subject Accounts, whereby Plaintiff stated, in relevant part, that "The Capital One account opened on 06-27-18 is inaccurate and incomplete. I never opened this account. This account is the product of ID theft and fraud. Please remove this. Lendbuzz Funding, LLC account opened on 02-0-19 is inaccurate and incomplete. I never opened this account. This account is the product of ID theft and fraud. Please remove this. "

35. Despite receiving Plaintiff's TransUnion Dispute, TransUnion failed to conduct any investigation into the accuracy of Plaintiff's credit report.

36. Despite receiving Plaintiff's TransUnion Dispute, TransUnion continued to report the Subject Accounts inaccurately.

37. Despite receiving Plaintiff's TransUnion Dispute, TransUnion failed to notify Plaintiff that TransUnion deemed Plaintiff's dispute as irrelevant and/or frivolous.

38. Reporting Plaintiff's accounts inaccurately is significant. By reporting Plaintiff's account inaccurately and/other erroneously, lenders believe Plaintiff has had a recent, major delinquency negatively reflecting on the consumer's credit worthiness by impacting their credit score negatively.

39. Credit scoring algorithms take Plaintiff's account status into consideration when generating a credit score and showing this incorrect account status would cause a lower credit score to be generated.

40. TransUnion failed to conduct a reasonable investigation into Plaintiff's written dispute.

41. TransUnion failed to review and consider all relevant information submitted by Plaintiff in Plaintiff's disputes.

42. TransUnion failed to conduct an independent investigation and, instead, deferred to underlying furnisher despite the information Plaintiff provided to it (TransUnion).

43. TransUnion possessed evidence that the information was inaccurate as described by Plaintiff in Plaintiff's disputes; however, TransUnion failed to correct the information.

44. TransUnion's reporting of inaccurate information in connection with the Subject Accounts, despite evidence that said information is inaccurate, evidence TransUnion's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and file.

45. TransUnion did not conduct any independent investigation after it (TransUnion) received Plaintiff's dispute and, instead, chose to parrot the information it (TransUnion) received from the underlying furnisher despite being in possession of evidence that the information was inaccurate.

46. Without any explanation or reason, TransUnion continued to report this false, inaccurate, or otherwise incomplete information, about Plaintiff.

47. Plaintiff has suffered damages as a result of the incorrect reporting and TransUnion's failure to correct the credit report pertaining to Plaintiff.

### COUNT 1
### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
(against Experian)

48. Plaintiff incorporates by reference ¶¶ 7-30 of this Complaint.

49. On at least one occasion within the past two years, by example only and without limitation, Experian violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

50. Experian failed to establish or follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports and credit files when reinvestigating Plaintiff's disputes of the information contained in Plaintiff's Experian credit report.

51. Experian's procedures were per se deficient by reason of these failures in ensuring maximum possible accuracy of Plaintiff's credit reports and credit files.

52. Experian has willfully and recklessly failed to comply with the FCRA. The failures of Experian to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Experian had notice was inaccurate; [e] the

continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete; and [h] the failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

53. The conduct, action and inaction of Experian was willful, thereby rendering Experian liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

54. Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

55. The appearance of the accounts on Plaintiff's credit report, namely, those accounts identified by Plaintiff in Plaintiff's dispute to Experian, was the direct and proximate result of Experian's willful failure to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report in violation of the 15 U.S.C. § 1681e(b).

56. As a result of the conduct, action, and inaction, of Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

57. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Experian, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1640(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] statutory damages pursuant to 15 U.S.C. § 1640(a)(2); [4] after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, punitive

damages pursuant to 15 U.S.C. § 1681n(a)(2); [5] costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1640(a)(3) and 1681n(a)(3); and [6] any other relief that this Court deems appropriate under the circumstances.

## COUNT 2
## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
(against Experian)

58. Plaintiff incorporates by reference ¶¶ 7-30 of this Complaint.

59. On at least one occasion within the past two years, by example only and without limitation, Experian violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

60. On at least one occasion within the past two years, by example only and without limitation, Experian violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by the Plaintiff with respect to the disputed Information.

61. On at least one occasion within the past two years, by example only and without limitation, Experian violated 15 U.S.C. § 1681i(a)(5) by failing to delete the inaccurate information.

62. Additionally, Experian negligently failed to report accounts identified by Plaintiff as "disputed" in violation of 15 U.S.C. § 168li(c).

63. Experian has negligently failed to comply with the FCRA. The failures of Experian to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately

investigate information which Experian had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete; and [h] the failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

64. The conduct, action, and inaction, of Equifax was negligent, thereby rendering Experian liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

65. Plaintiff is entitled to recover reasonable costs and attorneys' fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

66. As a result of the conduct, action and inaction of Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

67. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Experian, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

## COUNT 3
## VIOLATION OF 15 USCS § 1681s-2 (A)(8)(F) OF THE FAIR CREDIT REPORTING ACT
**(against Experian)**

68. Plaintiff incorporates by reference ¶¶ 7-30 of this Complaint.

69. Pursuant to 15 USCS § 1681s-2 (a)(8)(F), upon making a determination that a dispute submitted by a consumer is frivolous or irrelevant, the consumer must be notified of such a determination no later than five (5) business days after such a determination is made, such a determination must include the reasons for determining why the dispute is frivolous or irrelevant.

70. Despite receiving Plaintiff's two (2) disputes, Experian failed to notify Plaintiff that Experian deemed Plaintiff's two (2) disputes as irrelevant and/or frivolous.

71. The conduct, action and inaction of Experian was negligent or willful, thereby rendering Experian liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

72. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Experian, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

### COUNT 4
### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
(against TransUnion)

73. Plaintiff incorporates by reference ¶¶ 7-9, 31-47 of this Complaint.

74. On at least one occasion within the past two years, by example only and without limitation, TransUnion violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

75. TransUnion failed to establish or follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports and credit files when reinvestigating Plaintiff's disputes of the information contained in Plaintiff's TransUnion credit report.

76. TransUnion's procedures were per se deficient by reason of these failures in ensuring maximum possible accuracy of Plaintiff's credit reports and credit files.

77. TransUnion has willfully and recklessly failed to comply with the FCRA. The failures of TransUnion to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which TransUnion had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised TransUnion to delete; and [h] the failure to take adequate steps to verify information TransUnion had reason to believe was inaccurate before including it in the credit report of the consumer.

78. The conduct, action and inaction of TransUnion was willful, thereby rendering TransUnion liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

79. Plaintiff is entitled to recover reasonable costs and attorney's fees from TransUnion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

80. The appearance of the accounts on Plaintiff's credit report, namely, those accounts identified by Plaintiff in Plaintiff's dispute to TransUnion, was the direct and proximate result of

TransUnion's willful failure to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report in violation of the 15 U.S.C. § 1681e(b).

81. As a result of the conduct, action, and inaction, of TransUnion, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

82. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against TransUnion, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1640(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] statutory damages pursuant to 15 U.S.C. § 1640(a)(2); [4] after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); [5] costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1640(a)(3) and 1681n(a)(3); and [6] any other relief that this Court deems appropriate under the circumstances.

**COUNT 5**
**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT**
(against TransUnion)

83. Plaintiff incorporates by reference ¶¶ 7-9, 31-47 of this Complaint.

84. On at least one occasion within the past two years, by example only and without limitation, TransUnion violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

85. On at least one occasion within the past two years, by example only and without limitation, TransUnion violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by the Plaintiff with respect to the disputed Information.

86. On at least one occasion within the past two years, by example only and without limitation, TransUnion violated 15 U.S.C. § 1681i(a)(5) by failing to delete the inaccurate information.

87. Additionally, TransUnion negligently failed to report accounts identified by Plaintiff as "disputed" in violation of 15 U.S.C. § 168li(c).

88. TransUnion has negligently failed to comply with the FCRA. The failures of TransUnion to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which TransUnion had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised TransUnion to delete; and [h] the failure to take adequate steps to verify information TransUnion had reason to believe was inaccurate before including it in the credit report of the consumer.

89. The conduct, action, and inaction, of TransUnion was negligent, thereby rendering TransUnion liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

90. Plaintiff is entitled to recover reasonable costs and attorneys' fees from TransUnion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

91. As a result of the conduct, action and inaction of TransUnion, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

92. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against TransUnion, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

## COUNT 6
## VIOLATION OF 15 USCS § 1681s-2 (A)(8)(F) OF THE FAIR CREDIT REPORTING ACT
### (against TransUnion)

93. Plaintiff incorporates by reference ¶¶ 7-9, 31-47 of this Complaint.

94. Pursuant to 15 USCS § 1681s-2 (a)(8)(F), upon making a determination that a dispute submitted by a consumer is frivolous or irrelevant, the consumer must be notified of such a determination no later than five (5) business days after such a determination is made, such a determination must include the reasons for determining why the dispute is frivolous or irrelevant.

95. Despite receiving Plaintiff's dispute, Experian failed to notify Plaintiff that Experian deemed Plaintiff's dispute as irrelevant and/or frivolous.

96. The conduct, action and inaction of Experian was negligent or willful, thereby rendering Experian liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

97. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Experian, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C.

§ 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

DATED: March 13, 2025

Respectfully Submitted,

/s/ Thomas Patti
**THOMAS PATTI, ESQ.**
Florida Bar No. 118377
E-mail:   Tom@pzlg.legal
**BRYON YOUNG, ESQ.**
Florida Bar No. 1052949
E-mail:   bryon@pzlg.legal
PATTI ZABALETA LAW GROUP
110 SE 6th Street Suite 1732
Fort Lauderdale, Florida 33309
Phone:   561-542-8550

*COUNSEL FOR PLAINTIFF*